# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

WILSON J. McCRACKIN, JR.                          PETITIONER

VS.             CASE NO. 5:09CV00370 JLH/HDY

LARRY NORRIS, Director of the
Arkansas Department of Correction                   RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District

> Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

Wilson J. McCrackin, Jr., an inmate in the custody of the Arkansas Department of Correction (ADC) filed this application for writ of habeas corpus pursuant to 28 U.S.C. §2254. Mr. McCrackin was found guilty of aggravated robbery and theft of property and sentenced to a total of 27 years imprisonment following an February, 2006 trial in the Circuit Court of Ashley County. Mr. McCrackin unsuccessfully appealed the conviction, alleging there was insufficient evidence to support the convictions, and that the trial court erred in failing to instruct the jury on the lesser included offense of robbery. The Arkansas Court of Appeals affirmed his convictions in an opinion dated November 28, 2007. *McCrackin v. State*, No. CACR 06-995, 2007 WL 4180951 (Ark. App.). Mr. McCrackin then filed a Rule 37 petition with the trial court, alleging that his trial attorney inadequately investigated and inadequately presented his claim of duress to the jury. In addition, the

petitioner claimed his attorney failed to object to misrepresentations of the prosecutor made during closing arguments. The trial court denied Rule 37 relief, and the Arkansas Supreme Court affirmed this ruling on May 14, 2009. *McCrackin v. State*, No. CR 08-475, 2009 WL 1362595 (Ark.).

Mr. McCrackin now advances the following claims for federal habeas corpus relief:

1. Petitioner received ineffective assistance of counsel when his attorney failed to adequately investigate and/or present his defense of duress;

2. Petitioner received ineffective assistance of counsel when his attorney failed to object to the prosecutor's misrepresentations during closing argument;

3. The trial court erred in failing to instruct the jury on the lesser included offense of robbery;

4. The trial court erred by basing its Rule 37 decision merely on the fact that petitioner's attorney presented the duress affirmative defense; and

5. The trial court erred in its Rule 37 decision by finding that the prosecution is given "some leeway" to misrepresent facts to the jury during closing argument.

The respondent urges that the petition be dismissed.

We first address the claims of ineffective assistance of counsel, grounds one and two. Specifically, Mr. McCrackin argues that his attorney did not discuss the duress defense with him in detail prior to the trial. Had he done so, McCrackin could have told him of McCrackin's fear of guns and past bad experiences with guns. McCrackin reasons that his attorney could have called witnesses to prove McCrackin's anxiety towards guns to support his claim that he acted under duress when his co-defendants produced the guns that were used in the bank robbery. Also, McCrackin faults his attorney for failing to have McCrackin testify that he had consumed alcohol and marijuana on the date of the crime. He also contends his attorney should have investigated whether co-defendant Sherrer actually had family in Wilmot, Arkansas. All three defendants testified that the

3

purpose of the drive from Little Rock to Wilmot was for Sherrer to visit family. According to McCrackin, if it were proved that Sherrer did not have family in the area, then the jury could have found that the co-defendants had planned all along to rob the bank, rather than deciding to do so on the spur of the moment. In ground two, the petitioner faults his attorney for failing to object to the prosecutor's statements during closing argument.

Both of these allegations of ineffective assistance of counsel were raised in state court. The trial court considered these arguments, raised in McCrackin's Rule 37 petition, addressed them and denied relief in an Order dated February 28, 2008. (Docket entry no. 8-6). On appeal, the Arkansas Supreme Court, after citing and explaining *Strickland v. Washington*, 466 U.S. 668 (1984), ruled:

> Appellant asserts on appeal, as in his petition, that trial counsel was deficient because he did not question appellant sufficiently and that counsel could have discovered evidence of appellant's fear of guns and his consumption of marijuana and alcohol. Appellant claims that his fear of guns and intoxication increased his apprehension under the circumstances. The evidence that appellant contends would have been discovered if counsel had questioned him further was not, however, evidence that could have been admitted in support of appellant's defense of duress or that, if admitted, would have been sufficient to raise a reasonable probability that the fact-finder's decision would have been different.
>
> To prove duress, one must show that he was compelled to act by a threat or use of unlawful force that a person of ordinary firmness in the actor's situation would not have resisted. *Pugh v. State,* 351 Ark. 5, 89 S.W.3d 909 (2002); *see also* Ark.Code Ann. § 5-2-208 (Repl.2006). The threat must meet an objective standard and evidence concerning the defendant's mental or emotional condition is irrelevant if it is subjective. *Marx v. State,* 291 Ark. 325, 724 S.W.2d 456 (1987). Under section 5-2-208(b), the affirmative defense of duress is unavailable if the actor recklessly placed himself or herself in a situation in which it was reasonably foreseeable that the actor would be subjected to the force or threatened force.
>
> The burden was on the appellant to demonstrate that the evidence that he claimed could have been discovered through additional investigation was sufficient to undermine confidence in the outcome of the trial. Considering the requirements necessary to prove the affirmative defense, we cannot say that the trial court clearly erred. The court found that, because there was evidence that appellant did not act under duress admitted at trial and the jury found that

evidence persuasive, appellant had failed to meet his burden. While the potential evidence might have shown that appellant's subjective level of apprehension was greater than that of a person of ordinary firmness, it did not challenge the objective standard imposed by the statute. Even if intoxication could be considered as relevant to appellant's situation, that intoxication was as much evidence that appellant had recklessly placed himself in the situation as it was evidence to support a lower objective standard for the degree of force required.

In appellant's second and last point of error, he alleges the trial court erred in failing to find ineffective assistance because his attorney did not object to what appellant characterizes as misrepresentations by the prosecution during closing arguments. Appellant contends that counsel should have objected to comments by the prosecution that appellant "got his money and he hid it in the console." The trial court found that appellant was not prejudiced by the failure to object because counsel is given leeway to argue every plausible inference which can be drawn from the evidence. The court found that any objection by counsel would have been without merit. On appeal, appellant contends that facts were not presented at trial to support the statements in closing arguments. Appellant further contends that he should not be required to show prejudice because he is pro se.

Counsel is not ineffective for failing to make an argument that is meritless. *Camargo v. State,* 346 Ark. 118, 55 S.W.3d 255 (2001). A petitioner carries the burden to prove his allegations for postconviction relief. *Cranford v. State,* 303 Ark. 393, 797 S.W.2d 442 (1990); *Porter v. State,* 264 Ark. 272, 570 S.W.2d 615 (1978) (holding under prior law). Appellant cites no authority or convincing argument as to application of an exception to the general rule in this case. This court will not consider an argument that presents no citation to authority or convincing argument. *Kelly v. State,* 350 Ark. 238, 85 S.W.3d 893 (2002). Pro se litigants are held to the same standards as attorneys. *See Kennedy v. Byers,* 368 Ark. 516, 247 S.W.3d 525 (2007) (per curiam); *Eliott v. State,* 342 Ark. 237, 27 S.W.3d 432 (2000). Here, appellant was required to demonstrate prejudice from any error; that he filed his petition pro se does not relieve him of that obligation.

Although appellant contends that there was no evidence at trial to support the statement by the prosecution that appellant received his share of the money and hid it in the console, there was evidence introduced that money was found in three different locations in the vehicle appellant was driving at the time of his arrest, including the console. Counsel are free to argue every plausible inference which can be drawn from the testimony. *Jackson v. State,* 368 Ark. 610, 249 S.W.3d 127 (2007). Because the jury could have concluded from the evidence that appellant and his two codefendants had divided the money from the bank robbery and then put the money for each of them into a different hiding place, the prosecution was free to argue that inference. The trial court did not err to find that any objection would have been without merit. Accordingly, we affirm the denial of

postconviction relief.

*McCrackin v. State*, 2009 WL 1362595, 1 -3 (Ark.,2009).

When, as in this instance with regard to grounds one and two, the state court has ruled on the merits of a petitioner's claims, a writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1), (2). The United States Supreme Court offers guidance in interpreting the statute:

> A state court decision will be "contrary to" our clearly established precedent if the state court either "applies a rule that contradicts the governing law set forth in our cases," or "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." A state court decision will be an "unreasonable application of" our clearly established precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."
> . . . Distinguishing between an unreasonable and an incorrect application of federal law, we clarified that even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable.

*Penry v. Johnson*, 532 U.S. 782, 792-93 (citations omitted).

As previously noted, the state courts cited *Strickland v. Washington, supra*, in their rulings. *Strickland* stands as the clearly established precedent in the arena of ineffective assistance of counsel. Mr. McCrackin bears the burden of showing the decisions rendered by the Arkansas courts were contrary to, or involved an unreasonable application of, *Strickland*. He fails to carry this burden. First, he offers no citations to cases with similar facts yet contrary results applying the *Strickland* standard. Second, he fails to show that *Strickland*, although it is

6

the correct governing legal rule, was somehow unreasonably applied to the facts in his case. Thus, 28 U.S.C. § 2254(d)(1), (2) directs the finding that grounds one and two are without merit.

We note that "even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable." *Penry v. Johnson*, 532 U.S. at 793. In this instance, we have carefully reviewed the trial transcript and find that the Arkansas courts applied federal law, i.e., *Strickland*, correctly. The petitioner's defense of duress was unlikely due to at least three factors: one, petitioner's failure to drive away from the bank when the two co-defendants left him alone and in charge of the vehicle; two, his own statement given the day after the robbery in which he acknowledged "I was the driver" and "I told them I wasn't going in with them, so they asked me to drive the car for them"; and three, the absence of any statement at the time of arrest or the day after that he was forced to participate. (Tr. Exhibit 12, Volume 3). While McCrackin and his attorney are not to be faulted for pursuing the defense of duress, its failure does not lie at the feet of the attorney. To the contrary, we find that petitioner cannot show that his attorney acted unreasonably under the circumstances (the first prong of *Strickland*) nor that the results of the trial would have been different (the second *Strickland* prong). Grounds one and two are without merit.

The third claim for relief is that the trial court erred in failing to instruct the jury on the lesser included offense of robbery. The Arkansas Court of Appeals, on direct appeal, considered this argument:

> Neither do we find error in the trial court's refusal to instruct the jury on
> robbery as a lesser-included offense. While a trial court must instruct on a lesser-

> included offense when there is the slightest evidence to support giving the instruction, there must be a rational basis for doing so. E.g., *Williams v. State,* 363 Ark. 395, 214 S.W.3d 829 (2005). Both Mitchell and Sherrer testified that they had pleaded guilty to aggravated robbery. Although robbery is ordinarily a lesser-included offense of aggravated robbery, when the evidence is conclusive as to show that only aggravated robbery was committed, the judge need not instruct the jury on mere robbery. *Isom v. State,* 356 Ark. 156, 148 S.W.3d 257 (2004). In the case before us, appellant admitted in redirect examination by his own counsel that he knew Mitchell's history, that Mitchell had a gun, and that Mitchell "had the guts to go to a bank with a loaded gun." Accordingly, there was no rational basis for the trial court to instruct the jury on robbery as a lesser-included offense, and the trial court did not err by refusing to give the instruction.

*McCrackin v. State*, 2007 WL 4180951, 3 (Ark.App.) (Ark.App.,2007).

As with grounds one and two, the petitioner must show that the Arkansas courts' decision regarding the jury instruction "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1), (2). He fails to satisfy his burden. He offers no argument that the state court decisions was contrary to established federal law. He offers two implausible arguments alleging the decision was based upon an unreasonable determination of the facts. First, he urges that the state failed to show that McCrackin was aware his companions were armed *when entering the car in Little Rock*. (Petition for writ of habeas corpus, page 16). The answer here is that the state did not need to prove this. The facts adduced at trial showed McCrackin was keenly aware that his co-defendants were armed prior to driving them to the bank and waiting for them. He need not have been aware of the plan when the trio left Little Rock since it was undisputed that he was aware of the plan before it was executed. Second, he seems to argue that the robbery instruction was appropriate if the jury found he was ignorant of the weapons prior to the commission of the aggravated robbery. However, the

8

undisputed testimony, including that of the petitioner himself, was that he knew his co-defendants were armed when he drove them to the bank. (Tr. 301). In short, neither of the petitioner's arguments regarding the application of the relevant law to the facts of his case are persuasive. To the contrary, we find the state courts' decision was reasonable under the circumstances. As the trial judge noted when he originally denied the request for the jury instruction on robbery, there was "nothing in dispute" with regard to the use of weapons. (Tr. 279). The trial judge was correct in denying the proffered instruction, and the Arkansas appellate court was correct in affirming the trial court. There is no merit to ground three.

Grounds four and five fault the trial court for denying Rule 37 relief. Specifically, the petitioner claims the trial court erred in denying the two claims he now enumerates as grounds one and two herein: one, ineffective assistance of counsel when his attorney failed to adequately investigate and/or present his defense of duress, and two, ineffective assistance of counsel when his attorney failed to object to the prosecutor's misrepresentations during closing argument. Since we have already found grounds one and two without merit, it follows that grounds four and five are also without merit. Raising the claims both as allegations of ineffective assistance of counsel and as trial court errors does not change the basic nature of the claims. The primary claims are that McCrackin's counsel was ineffective. The secondary way of stating the claims, by alleging the trial court erred in deciding the Rule 37 petition, would never have merit unless the primary claims were proved. Mr. McCrackin fails to show ineffective assistance of counsel and, therefore, he fails to show trial court error in denying his Rule 37 petition. Grounds four and five are without merit.

For the reasons stated herein, we recommend that the petition for writ of habeas corpus be

dismissed and the relief requested be denied.

IT IS SO ORDERED this __11__ day of February, 2010.

_____
UNITED STATES MAGISTRATE JUDGE